UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO J. GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>FRED FOULK, Warden,<br><br>    Respondent. | Case No. 13-cv-05237-WHO (PR)<br><br>**ORDER TO SHOW CAUSE;**<br><br>**DIRECTIONS TO CLERK TO AMEND DOCKET** |

## INTRODUCTION

Petitioner Alberto Garcia seeks federal habeas relief from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

Respondent shall file an answer or dispositive motion in response to the habeas petition on or before June 25, 2014, unless an extension is granted. Respondent is directed to consider first whether the petition is untimely. There is a one year statute of limitations for filing a habeas petition in this Court following the exhaustion of Garcia's state court remedies. 28 U.S.C. § 2244(d). While Garcia was convicted in 2009, the instant habeas action was not filed until late 2013 and it is unclear when petitioner's state court remedies were exhausted. If Respondent concludes that the petition is untimely, he may file a motion to dismiss on that ground although he is not required to do so.

## BACKGROUND

According to the petition, in 2009, a Contra Costa County Superior Court jury convicted Garcia of first degree murder. He received a sentence of 25 years-to-life in state prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Garcia alleges that (1) the jury instructions violated his right to due process in the ways stated in the petition; (2) the trial court violated his right to due process and to confront witnesses by failing to disclose the mental competency reports on a witness; and (3) the cumulative effect of the errors at trial violated due process. When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within ninety (90) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the

1  answer and serve on petitioner a copy of all portions of the state trial record that previously
2  have been transcribed and that are relevant to a determination of the issues presented by
3  the petition.

4      3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse
5  with the Court and serving it on respondent's counsel within thirty (30) days of the date the
6  answer is filed.

7      4. In lieu of an answer, respondent may file, within ninety (90) days of the date this
8  order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory
9  Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent
10 files such a motion, petitioner shall file with the Court and serve on respondent an
11 opposition or statement of non-opposition within thirty (30) days of the date the motion is
12 filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen
13 (15) days of the date any opposition is filed.

14     5. Petitioner is reminded that all communications with the Court must be served on
15 respondent by mailing a true copy of the document to respondent's counsel.

16     6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the
17 Court and respondent informed of any change of address and must comply with the
18 Court's orders in a timely fashion. Failure to do so may result in the dismissal of this
19 action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

20     7. Upon a showing of good cause, requests for a reasonable extension of time will
21 be granted provided they are filed on or before the deadline they seek to extend.

22     8. Petitioner has paid the filing fee.

23     9. The Clerk shall amend the docket to reflect that Fred Foulk, the warden of the
24 prison in which petitioner is housed, is the sole respondent in this action. Petitioner
25 erroneously also named as respondent Jeffrey Beard, the Secretary of California
26 Department of Corrections and Rehabilitation. Foulk, not Beard, is the sole proper
27 respondent in this action, as he is the custodian having day-to-day control over petitioner,
28 the only person who can produce "the body" of the petitioner. *Brittingham v. United*

3


1  *States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414, 416

2  (D.C. Cir. 1986)).

3      10.  The Clerk shall also amend the docket by replacing "Plaintiff" with "Petitioner"

4  and "Defendants" with "Respondent" in the title of this habeas action.

5      **IT IS SO ORDERED.**

6  **Dated:**  March 21, 2014



7                        WILLIAM H. ORRICK

8                        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALBERTO J. GARCIA,

        Plaintiff,

  v.

FRED FOULK ET AL et al,

        Defendant.

Case Number: CV13-05237 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 21, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Alberto J. Garcia AB1064
High Desert State Prison
P.O. Box 3030
Susanville, CA 91726

Dated: March 21, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk